IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA for use and
benefit of SUMMIT ELECTRIC
SUPPLY COMPANY, INC.,**

 **Plaintiff,**

v.               No. 10-CV-00811 JEC/RHS

**ALUTIIQ INTERNATIONAL SOLUTIONS,
LLC; and SAFECO INSURANCE COMPANY
OF AMERICA,**

 **Defendants,**
and

**ALUTIIQ INTERNATIONAL SOLUTIONS,
LLC; and SAFECO INSURANCE COMPANY
OF AMERICA**

 **Third-Party Plaintiffs,**
v.

**OIC MARIANAS INSURANCE
CORPORATION,**

 **Third-Party Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT

THIS MATTER came before the undersigned pursuant to a Memorandum Opinion and Order (Doc. 77), filed May 25, 2012.  Under the terms of that Memorandum Opinion and Order, the trial court referred Third-Party Plaintiff Alutiiq International Solutions, LLC's ("Alutiiq") request for entry of default judgment as to damages for: (1) a hearing on the reasonableness of damages and the availability and reasonableness of an offset of damages; and (2) preparation of proposed findings of fact as to the amount of the default judgment pursuant to 28 U.S.C. § 636(B)(1)(B).

On September 26, 2012, the undersigned conducted an evidentiary hearing on these referred matters.  The parties appeared by and through their respective counsel of record.  The undersigned considered the evidence and testimony presented, as well as the arguments and authorities of counsel as well as all of the pleadings on file in the above-captioned cause and thereafter instructed counsel to file their Requested Findings of Fact and Conclusions of Law on or before Friday, October 12, 2012 (Doc. 81).  These Requested Findings of Fact have now been considered and the undersigned concludes that the position submitted by Alutiiq should be adopted by the Court.

Therefore, the undersigned respectfully submits the following Proposed Findings of Fact as to the amount of the default judgment pursuant to 28 U.S.C. § 636(b)(1)(B).

## FINDINGS OF FACT

1. Alutiiq International Solutions, LLC (hereinafter referred to as "Alutiiq") served as the prime contractor for the construction of the OJO Encino Day School, all pursuant to a contract with the U.S. Army Corps of Engineers.

2. As prime contractor, Alutiiq entered into a subcontract with NCC Electrical Services, Inc. ("NCC") wherein NCC was to perform electrical work for the Project. This subcontract required NCC to provide a payment bond to Alutiiq.

3. The amount of the subcontract with NCC was $1,301,018.

4. On November 4, 2009, NCC executed the required payment bond with OIC Marianas Insurance Corporation ("OIC").

5. Under the terms of the payment bond, OIC agreed to bind itself with NCC in the event NCC failed to pay its suppliers and subcontractors.

6. In May 2010, Alutiiq received a demand from Summit Electric Supply in which Summit demanded that Alutiiq pay it in excess of $208,000 based on NCC's failure to pay Summit for services and materials provided.

7. Summit provided the services and materials that formed the basis of its claim against Alutiiq. NCC did not pay Summit.

8. Alutiiq and Summit entered into a Settlement Agreement and Mutual release whereby Alutiiq paid Summit $177,000 in full and complete settlement of its claim for services and materials. The $177,000 was a discount amount from the $208-210,000 claimed by Summit.

9. On May 21, 2011, Alutiiq paid Summit the $177,000.

10. Alutiiq reasonably believed that if the case was not settled for a discounted amount, it would be required to pay a sum in excess of $177,000.

11. No payments from NCC, OIC or Summit were received by Alutiiq following the settlement with Summit.

12. Alutiiq was not compensated or reimbursed by the U.S. Army Corps of Engineers for the funds it paid to settle the claim by Summit.

13. OIC's witness, Elizabeth Martin, lacked personal knowledge of the transactions which were the subject of this hearing and her testimony was weighed accordingly.

14. The $177,000 settlement between Alutiiq and Summit was fair and reasonable under the totality of the circumstances. Alutiiq would have been entitled to at least the amount of $177,000 had it established liability at trial on the merits.

15. An offset as to damages is not supported by the facts and should be denied.

16. Alutiiq is entitled to judgment against OCC in the amount of $177,000, plus interest as provided by law, and costs to be determined by the trial Court upon submission of a Cost Bill.

17. The undersigned has not been asked to make findings relative to attorney's fees.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE