## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA, for the use and
Benefit of SUMMIT ELECTRIC SUPPLY
COMPANY, INC.,**

       **Plaintiff,**

**v.**                                       **No. CIV 10-0811 RB/RHS**

**ALUTIIQ INTERNATIONAL SOLUTIONS, LLC;
and SAFECO INSURANCE COMPANY
OF AMERICA,**

       **Defendants,**

**v.**

**ALUTIIQ INTERNATIONAL SOLUTIONS, LLC;
and SAFECO INSURANCE COMPANY
OF AMERICA,**

       **Third-Party Plaintiffs,**

**v.**

**OIC MARIANAS INSURANCE
CORPORATION,**

       **Third-Party Defendant.**

### ORDER MODIFYING AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT

THIS MATTER comes before the Court on the Magistrate Judge's Proposed Findings of Fact, filed on October 24, 2012 (Doc. 87). The Honorable John E. Conway, United States District Judge, referred Third-Party Plaintiff Alutiiq International Solutions, LLC's ("Alutiiq's") request for entry of a default judgment against Third-Party Defendant OIC Marianas Insurance Corporation ("OIC") to the Honorable Judge Robert H. Scott, United States Magistrate Judge. Magistrate Judge Scott held a hearing and issued Proposed Findings of Fact. (*Id.*) On May 29, 2013, the matter was reassigned to the Honorable Robert C. Brack, United States District Judge

("the Court"). (Doc. 92). Having conducted a *de novo* review of the Proposed Findings of Fact, the record, the relevant law, and being otherwise fully informed, the Court adopts the Magistrate Judge's Proposed Findings of Fact, with the exception of the award of interest and costs.

## I.    Background

Pursuant to a contract with the United States Army Corps of Engineers, Alutiiq was the general contractor for construction of the Ojo Encino Day School in McKinley County, New Mexico. (Doc. 1). Defendant Safeco Insurance Company of America ("Safeco") issued a payment bond to Alutiiq. (*Id.*) Alutiiq subcontracted with NCC Electrical Services ("NCC") for electrical work. (*Id.*) Plaintiff Summit Electric Supply Company, Inc. ("Summit") supplied equipment and materials to NCC. (*Id.*) Summit contended that NCC owed it $208,142.97, plus service charges and interest, as well as attorney's fees and costs. (*Id.*) Summit brought this action against Alutiiq and Safeco pursuant to the Miller Act, 40 U.S.C. § 3133(b)(3)(B), and for damages *in quantum meruit* from Alutiiq and Safeco for the value of the equipment and materials it provided to NCC. (*Id.*)

Alutiiq and Safeco did not deny that Summit was owed money. (Doc. 13). Rather, they contended that NCC provided a payment bond for its electrical-based work to Alutiiq issued by OIC. (*Id.*) Accordingly, Alutiiq and Safeco brought a Third-Party Complaint in this action against OIC. (*Id.*) On December 10, 2010, Alutiiq and Safeco filed an Amended Third-Party Complaint alleging breach of payment bond and right to contractual and common law indemnification from OIC. (Doc. 25).

On January 3, 2011, OIC filed a motion to dismiss, (Doc. 34), which Judge Conway denied on May 2, 2011. (Doc. 56). On May 20, 2011, Alutiiq and Safeco entered into a settlement agreement with Summit for the sum of $177,00.00. (Doc. 66). On June 1, 2011, the

claims of Summit against Allutiiq and Safeco were dismissed by stipulation. (Doc. 59). Thereafter, all that remained was the Third-Party Complaint of Allutiiq and Safeco against OIC. (*Id.*)

On June 10, 2011, Judge Conway granted Robles, Rael & Anaya, P.C.'s Motion to Withdraw as OIC's counsel, directed OIC to retain substitute counsel, directed substitute counsel to file an appearance by June 23, 2011, and directed OIC to file an answer to the First Amended Third-Party Complaint by June 29, 2011. (Doc. 61). Substitute counsel did not file an entry of appearance and OIC did not file an answer as directed by Judge Conway. On July 5, 2011, the Clerk entered default against OIC. (Doc. 64).

On August 9, 2011, Alutiiq filed a Motion for Default Judgment against OIC. (Doc. 66). Judge Conway referred the Motion for Default Judgment to Magistrate Judge Scott. (Doc. 68). On December 5, 2011, Magistrate Judge Scott held a hearing on Alutiiq's Motion for Default Judgment, and attorney Timothy Padilla appeared on behalf OIC. (Doc. 70). Magistrate Judge Scott continued the hearing and ordered Mr. Padilla to enter his appearance and file any motions or other requests for relief by December 16, 2011. (Doc. 69).

On December 16, 2011, Mr. Padilla filed a Motion to Set Aside the Entry of Default on behalf of OIC. (Doc. 73). On May 25, 2012, Judge Conway denied this Motion as to liability and referred the issue of damages to Magistrate Judge Scott for a hearing on the reasonableness of damages and the availability and reasonableness of an offset. (Doc. 77).

Magistrate Judge Scott held an evidentiary hearing on September 26, 2012, (Doc. 81), and issued Proposed Findings of Fact on October 24, 2012. (Doc. 87). Magistrate Judge Scott determined that Alutiiq is entitled to judgment against OIC in the amount of $177,000, and that the facts did not support an offset. (*Id.*) Additionally, Magistrate Judge Scott awarded interest

and costs.  (*Id.*)  OIC filed Objections to the Proposed Findings of Fact, (Doc. 88), Alutiiq filed a

Response, (Doc. 89), and OIC filed a Reply,  (Doc. 90).

## II.     Standard

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires the district judge to "determine *de novo* any part of the

magistrate judge's [recommendation] that has been properly objected to."  FED. R. CIV. P.

72(b)(3).  After reviewing the magistrate judge's recommendation *de novo*, the district judge

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1).  An objection is proper if it is filed within fourteen

days of the magistrate judge's recommendation and is "specific enough to enable the district

court to focus attention on those issues - factual and legal - that are at the heart of the parties'

dispute."  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

## III.    Analysis

OIC objects to several of Magistrate Judge Scott's factual findings, including the finding

that "[t]he $177,000 settlement between Alutiiq and Summit was reasonable under the totality of

the circumstances," and that "Alutiiq would have been entitled to at least the amount of

$177,000 had it established liability at trial on the merits." (Doc. 88).  As the basis for this

objection, OIC states that while "the settlement may have been a fair settlement due Summit,"

Alutiiq "did not establish that it was NCC or OIC who should have been responsible."  (*Id.*)

Alutiiq responds that OIC improperly attempts to use the hearing on damages as an opportunity

to argue liability.

In that Judge Conway has already entered a default judgment against OIC as to liability,

the only issues before Magistrate Judge Scott were the reasonableness of the settlement amount

and the availability of an offset.  (Doc. 77).  The Court, therefore, overrules these objections to the extent that they challenge OIC's liability.  Further, because OIC does not object to the reasonableness of the settlement amount, the Court adopts Magistrate Judge Scott's factual findings on this point.

OIC also objects to the finding that "an offset of damages is not supported by the facts and should be denied."  (Doc. 88).  OIC appears to assert that it is entitled to an offset because Alutiiq allegedly owes money to NCC in the approximate sum of $312,293.86.  (*Id*.)  However, Magistrate Judge Scott found that OIC's fact witness, Melissa St. Martin, an employee of the Native American Funds Management Services ("NAFMS"), who testified about the alleged outstanding payment owed to NCC, "lacked personal knowledge of the transactions which were the subject of the hearing and her testimony was weighed accordingly."  (Doc. 87).  OIC objects to this finding, asserting that "Ms. Martin demonstrated a knowledge of the contracts and bond entered into between NCC and Alutiiq, as well as, the material provider Summit," and she testified that neither NCC nor NAFMS received funds for a gear and lighting package that Alutiiq had allegedly approved and Summit had purchased.  (Doc. 88).  Alutiiq responds that Magistrate Judge Scott clearly considered the credibility of the witnesses' testimony at the hearing held on September 26, 2012, and appropriately evaluated and weighed the testimony of Ms. St. Martin, an individual who "does not work for any party to this action."  (Doc. 89). Magistrate Judge Scott observed the witnesses during the hearing and made credibility determinations based on their testimony.  After reviewing the relevant portions of the hearing transcript, the Court finds no reason to set aside Magistrate Judge Scott's sound credibility determinations.  The Court therefore overrules OIC's objection based on witness credibility.

While not advancing a specific objection, OIC states that the testimony of Bart

5

Wachsteter, Alutiiq's witness, "brings to question whether Alutiiq was paid twice or more regarding the payment made by the United States government, the default judgment herein, and the Nevada judgment." (Doc. 88). OIC appears to assert an unjust enrichment claim. However, liability has already been determined, and OIC failed to establish that it previously reimbursed Alutiiq for purposes of an offset. To the extent that OIC raises an objection in this regard, it is overruled.

OIC's final objection is to the finding that "Alutiiq is entitled to judgment against OIC in the amount of $177,000,00 plus interest as provided by law, and costs to be determined by the Trial Court upon submission of a Cost Bill." (Doc. 88). OIC does not state the basis of its objection to this finding. However, the Court notes that OIC does not object to finding that it entered into a payment bond with NCC, agreeing to bind itself with NCC in the event that NCC failed to pay its suppliers and contractors. (Doc. 87). Further, OIC also does not object to the findings that: (1) NCC failed to pay Summit for services and materials worth in excess of $208,000; (2) Alutiiq paid Summit $177,000 to settle Summit's demand for payment for these materials; and (3) that OIC never reimbursed Alutiiq for this payment. (*Id.*) Finally, OIC does not dispute the reasonableness of the settlement amount. (*Id.*) Because OIC has not challenged any of these findings, the Court cannot discern any basis for its objection to the finding that Alutiiq is entitled to judgment against OIC in the amount of $177,000. Accordingly, the Court adopts the finding as to judgment in the amount of $177,000.

Magistrate Judge Scott found that the Court should award interest as provided by law and determine costs. (Doc. 87.) However, Alutiiq did not seek interest and stated that it was "not seeking any costs in any judgment against OIC," but rather a "'sum certain'" in the amount of $177,000. (Doc. 66-1). Accordingly, the Court will modify the findings and not award interest

or costs.

## IV.    Conclusion

Upon *de novo* review, the Court finds that Magistrate Judge Scott correctly determined that the settlement amount was reasonable, and that the facts developed in the hearing did not support OIC's request for an offset.  Accordingly, Alutiiq's request for the entry of a default judgment in the amount of $177,000.00 will be granted.

**THEREFORE,**

**IT IS ORDERED** that United States Magistrate Judge Robert H. Scott's Proposed Findings of Fact, (Doc. 87), are **ADOPTED** as to the entry of judgment in favor of Alutiiq against OIC in the amount of $177,000.00**,** and **MODIFIED** in that interest and costs are not awarded.

**IT IS FURTHER ORDERED** that Alutiiq's Motion for Entry of Default Judgment, (Doc. 66), is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment be entered in this case in favor of Alutiiq and against OIC in the amount of one-hundred and seventy-seven thousand dollars and no cents ($177,000.00).

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**